IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

HYLAND CONSTRUCTION CO., INC., §
§
    Plaintiff, §
§
vs. §     Civil Action No. 5:14-cv-00714
§
JEFFERY C. STONE, INC. D/B/A §
SUMMIT BUILDERS N/K/A SUMMIT §
DCK, LLC; DCK NORTH AMERICA, §
LLC D/B/A DCK WORLDWIDE, LLC; §
DCK/FWF, LLC; JEFFERY C. STONE; §
AND SAFECO INSURANCE COMPANY §
OF AMERICA, §
§
    Defendants. §

## SAFECO INSURANCE COMPANY OF AMERICA'S
## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Safeco Insurance Company of America (the "Surety") and files its First Amended Answer and Affirmative Defenses in response to Plaintiff Hyland Construction Co., Inc ("Hyland")'s Original Petition, and states as follows:

## I.
## ANSWER

### PARTIES

1.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 1. To the extent further response is necessary the Surety denies the allegations in Paragraph 1.

2.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 2. To the extent further response is necessary the Surety denies the allegations in Paragraph 2.

3.      The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 3. To the extent further response is necessary the Surety denies the allegations in Paragraph 3.

4.      The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 4. To the extent further response is necessary the Surety denies the allegations in Paragraph 4.

5.      The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 5. To the extent further response is necessary the Surety denies the allegations in Paragraph 5.

6.      The Surety admits the allegations in Paragraph 6.

### JURISDICTION

7.      The Surety denied the allegations contained in Paragraph 7 to the extent that this matter has been removed to federal court and Paragraph 7 contains procedural pleadings that are inapplicable to proceedings in the United States District Court. The Surety admits that it is involved in business in the State of Texas. The Surety also admits that the damages alleged by Hyland are within the jurisdictional limits of the United States District Court. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 7.

8.      The Surety denies the allegations contained in Paragraph 8 to the extent that this matter has been removed to federal court and Paragraph 8 contains procedural pleadings that are inapplicable to proceedings in the United States District Court. The Surety admits that Hyland alleges it is entitled to monetary relief over $200,000 but not more than $1,000,000. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 8.

### VENUE AND DISCOVERY CONTROL PLAN

9. The Surety denies the allegations contained in Paragraph 9 to the extent that this matter has been removed to federal court and Paragraph 9 contains procedural pleadings that are inapplicable to proceedings in the United States District Court. The Surety admits that Bexar County is the county in which all or a substantial party of the events or omissions giving rise to Hyland's claims occurred. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 9.

10. Paragraph 10 is a procedural pleading that is inapplicable to proceedings in the United States District Court and does not contain any allegations that require a response by the Surety. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 10.

### FACTUAL BACKGROUND

11. The Surety admits that Summit Builders had a contract with NEISD under which Summit Builders was responsible for a certain scope of work on the Knights Cross Project located at 20303 Hardy Oak Blvd., San Antonio, Texas 78258. The Surety is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 11. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 11.

12. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 12. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 12.

13. The Surety admits that Summit Builders entered into a contract with Hyland to perform work on the Knights Cross Project. The Surety is without sufficient knowledge to admit

or deny the remaining allegations in Paragraph 13. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 13.

14. The Surety admits that the contract between Summit Builders and Hyland was lump sum. The Surety is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 14, including any allegations as to the amount of the subcontract or the value of any alleged change orders. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 14.

15. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 15. To the extent further response is necessary the Surety denies the allegations in Paragraph 15.

16. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 16. To the extent further response is necessary the Surety denies the allegations in Paragraph 16.

17. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 17. To the extent further response is necessary the Surety denies the allegations in Paragraph 17.

18. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 18. To the extent further response is necessary the Surety denies the allegations in Paragraph 18.

19. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 19. To the extent further response is necessary the Surety denies the allegations in Paragraph 19.

20.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 20. To the extent further response is necessary the Surety denies the allegations in Paragraph 20.

21.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 21. To the extent further response is necessary the Surety denies the allegations in Paragraph 21.

22.    The Surety denies the allegations contained in Paragraph 22.

### CAUSES OF ACTION

### Summit's Breach of Contract and Prompt Payment Interest

23.    Paragraph 23 does not contain any allegations and therefore an answer is not required. The Surety incorporates its responses to the relevant preceding paragraphs. To the extent further response is necessary the Surety denies the allegations in Paragraph 23.

24.    The first sentence of Paragraph 24 does not contain any allegations and therefore an answer is not required. The Surety is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 24. To the extent further response is necessary the Surety denies the allegations in Paragraph 24.

25.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 25. To the extent further response is necessary the Surety denies the allegations in Paragraph 25.

26.    The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 26. To the extent further response is necessary the Surety denies the allegations in Paragraph 26.

27. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 27. To the extent further response is necessary the Surety denies the allegations in Paragraph 27.

28. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 28. To the extent further response is necessary the Surety denies the allegations in Paragraph 28.

29. The Surety denies the allegations in Paragraph 29.

30. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 30. To the extent further response is necessary the Surety denies the allegations in Paragraph 30.

### Summit Builders', DCK Entities' and Jeffery C. Stone's Violation of Construction Trust Fund Law

31. Paragraph 31 does not contain any allegations and therefore an answer is not required. The Surety incorporates its responses to the relevant preceding paragraphs. To the extent further response is necessary the Surety denies the allegations in Paragraph 31.

32. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 32. To the extent further response is necessary the Surety denies the allegations in Paragraph 32.

33. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 33. To the extent further response is necessary the Surety denies the allegations in Paragraph 33.

34. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 34. To the extent further response is necessary the Surety denies the allegations in Paragraph 34.

35. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 35. To the extent further response is necessary the Surety denies the allegations in Paragraph 35.

36. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 36. To the extent further response is necessary the Surety denies the allegations in Paragraph 36.

37. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 37. To the extent further response is necessary the Surety denies the allegations in Paragraph 37.

### DCK Entities' Fraudulent Misrepresentation

38. Paragraph 38 does not contain any allegations and therefore an answer is not required. To the extent further response is necessary the Surety denies the allegations in Paragraph 38.

39. Paragraph 39 does not contain any allegations and therefore an answer is not required. To the extent further response is necessary the Surety denies the allegations in Paragraph 39.

40. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 40. To the extent further response is necessary the Surety denies the allegations in Paragraph 40.

41. The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 41. To the extent further response is necessary the Surety denies the allegations in Paragraph 41.

42.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 42. To the extent further response is necessary the Surety denies the allegations in Paragraph 42.

43.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 43. To the extent further response is necessary the Surety denies the allegations in Paragraph 43.

44.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 44. To the extent further response is necessary the Surety denies the allegations in Paragraph 44.

45.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 45. To the extent further response is necessary the Surety denies the allegations in Paragraph 45.

46.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 46. To the extent further response is necessary the Surety denies the allegations in Paragraph 46.

## Safeco's Negligent Misrepresentations and Promissory Estoppel

47.     Paragraph 47 does not contain any allegations and therefore an answer is not required. The Surety incorporates its responses to the relevant preceding paragraphs. To the extent further response is necessary the Surety denies the allegations in Paragraph 47.

48.     Paragraph 48 does not contain any allegations and therefore an answer is not required. To the extent further response is necessary the Surety denies the allegations in Paragraph 48.

49.     The Surety admits that it issued payment bond no. 6699446 in the penal sum of $27,000,000 on December 13, 2010, for the Knights Cross Elementary School, 20303 Hardy Oak Boulevard, San Antonio, Texas 78258 project on behalf of Jeffery C. Stone, Inc., dba Summit Builders. The Surety denies that the bond was issued for the benefit of claimants providing labor, materials and/or equipment to the Project to the extent such statement mischaracterizes the Surety's obligations as determined by the face of the bond and applicable statute. The Surety denies the remaining allegations in Paragraph 49.

50.     The Surety denies the allegations in Paragraph 50.

51.     The Surety denies the allegations in Paragraph 51.

52.     The Surety denies the allegations in Paragraph 52.

53.     The Surety denies the allegations in Paragraph 53.

54.     The Surety denies the allegations in Paragraph 54.

55.     The Surety denies the allegations in Paragraph 55.

56.     The Surety denied the allegations in Paragraph 56.

**Quantum Meruit Recovery against Summit Builders and the DCK Entities**

57.     Paragraph 57 does not contain any allegations and therefore an answer is not required. The Surety incorporates its responses to the relevant preceding paragraphs. To the extent further response is necessary the Surety denies the allegations in Paragraph 57.

58.     The Surety is without sufficient knowledge to admit or deny the allegations in Paragraph 58. To the extent further response is necessary the Surety denies the allegations in Paragraph 58.

**Attorneys' Fees**

59.     Paragraph 59 does not contain any allegations and therefore an answer is not required. The Surety incorporates its responses to the relevant preceding paragraphs. To the extent further response is necessary the Surety denies the allegations in Paragraph 59.

60.     The Surety denies the allegations in Paragraph 60.

**Interest**

61.     The Surety denies the allegations in Paragraph 61.

**Conditions Precedent**

62.     The Surety denies the allegations contained in Paragraph 62 to the extent that this matter has been removed to federal court and Paragraph 62 contains procedural pleadings that are inapplicable to proceedings in the United States District Court. To the extent further response is necessary the Surety denies the remaining allegations in Paragraph 62.

**PRAYER**

63.     The "Prayer" section of Hyland's Original Complaint is not numbered. However, out of an abundance of caution, the Surety denies the allegations contained in Hyland's "Prayer."

**II.**
**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

64.     Hyland's recovery as against the Surety is barred by the one year statute of limitations contained in Section 2253.078 of the Texas Government Code. Hyland failed to bring suit against the Surety within one year of the date it first provided the Surety with written notice of its payment bond claim.

**SURETY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**                    10

### SECOND AFFIRMATIVE DEFENSE

65.     Hyland's payment bond claim in unperfected because Hyland failed to provide the Surety with timely notice of its claim as required by Section 2253.041 of the Texas Government Code.

### THIRD AFFIRMATIVE DEFENSE

66.     Hyland is not entitled to recovery because the Surety is entitled to offset the cost of replacing and repairing Hyland's deficient work, which offsets are in excess of the amount of Hyland's claim.

### FOURTH AFFIRMATIVE DEFENSE

67.     Hyland has been paid by Summit Builders for its work on the Project.

### FIFTH AFFIRMATIVE DEFENSE

68.     Hyland's recovery under its tort claims are barred by the economic loss doctrine.

### SIXTH AFFIRMATIVE DEFENSE

69.     Hyland is barred from recovery because it did not perform all conditions precedent necessary to recovery, including, but not limited to: the provision of timely notice to the Surety under the Texas Government Code; the filing of suit against the Surety within the applicable statute of limitations period under the Texas Government Code; completion of Hyland's work in accordance with the terms of the subcontract; the provision of defect free work by Hyland; a lack of offsets against work performed by Hyland; proper inspection for work performed by Hyland; a lack of prior material breach by Hyland;  Hyland's completion of the subcontract work; and the performance of work by Hyland that would entitle it to additional compensation.

### SEVENTH AFFIRMATIVE DEFENSE

70. The Surety adopts any and all defenses, affirmative defenses, offsets and credits available to its principal, Summit Builders, as its own.

### EIGHTH AFFIRMATIVE DEFENSE

71. The Surety is entitled to receive an offset/credit for any payments that Hyland has received or may receive fro the claims at issue in this action by any other party.

### NINTH AFFIRMATIVE DEFENSE

72. Hyland's damages, if any, were caused by its own fault or neglect in failing to properly obtain an inspection of the fire line, and such other acts of fault or neglect as may be shown at the trial of this matter.

### TENTH AFFIRMATIVE DEFENSE

73. Hyland's damages, if any, were caused by the fault or neglect of third parties for whom the Surety is not responsible including, without limitation, the City of San Antonio.

### ELEVENTH AFFIRMATIVE DEFENSE

74. Hyland's damages are barred, in whole or in part, by their failure to mitigate loss including, without limitation, by failing to obtain proper inspection, by failing to properly perform the subcontract work, and such other failures to mitigate as may be shown at the trial of this matter.

### TWELFTH AFFIRMATIVE DEFENSE

75. The Surety's liability, if any, is strictly limited to the penal sum of the bond at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

76. Hyland's own negligence was the sole proximate cause or a contributing proximate cause of the alleged damages sustained herein and, as a consequence thereof,

Hyland's recovery is barred and/or must be reduced in accordance with the doctrine of comparative negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

77.     If Hyland failed to mitigate its damages, the Surety is not responsible to the extent that Hyland could have mitigates any of the claimed damages arising from any alleged acts, errors, omissions, negligence, or breaches committed by the Surety and/or Summit Builders.

### III.
### CLAIM FOR ATTORNEYS' FEES

78.     Pursuant to Section 2253.074 of the Texas Government Code, the Surety is entitled to recovery of attorneys' fees incurred in proving all or part of Hyland's payment bond claim invalid.

### IV.
### REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Safeco Insurance Company of America respectfully requests that the Court rule in its favor, that Hyland Construction Co., Inc. take nothing by way of this suit, award the Surety's its attorneys' fees in invalidating all or part of Hyland's claim, and for such other and further relief to which the Surety may be justly entitled.

Respectfully submitted,

**LANGLEY LLP**

By:  /s/ Keith A. Langley
  Keith A. Langley
  State Bar No. 11919500
  Gina D. Shearer
  State Bar No. 24068622
  901 Main Street, Suite 600
  Dallas, Texas 75202
  Telephone: (214) 722-7169
  Facsimile:  (214) 722-7161
  klangley@l-llp.com
  gshearer@l-llp.com

ATTORNEYS  FOR  DEFENDANT  SAFECO
INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this the 29th day of January, 2015:

Mr. Clayton C. Utkov
Mr. David L. Tolin, Jr.
Ford Nassen & Baldwin, PC
111 Congress Ave., Suite 1010
Austin, Texas 28701
(512) 236-0682 *Facsimile*
*Counsel for Hyland*

Johnathan M. Bailey
Christopher G. Burwell
BAILEY & BAILEY, PC
230 Pereida Street
San Antonio, Texas 78210
(210) 225-8246 *Facsimile*
*Counsel for Defendants Jeffery C. Stone, Inc.*
*d/b/a Summit Builders n/k/a Summit DCK, LLC;*
*DCK North America, LLC d/b/a DCK Worldwide,*
*LLC; DCK/FWF, LLC; and Jeffery C. Stone*

       /s/ Keith A. Langley
       Keith A. Langley

**SURETY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**     14